United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30528
Summary Calendar

DEBORAH PACE, Individually and on behalf of Daniel Pace,

Plaintiff-Appellant,

versus

DANA TALLEY, etc.; ET AL.,

Defendants,

DANA TALLEY, Individually and in her official capacity as a
teacher at Ruston High School; GLENDA HOWARD, individually and in
her official capacity as a counselor at Ruston High School;
GLENDA DOUGLAS, Individually and in her official capacity as an
administrator at Ruston High School,

Defendants-Appellees.
--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:02-CV-916
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Deborah Pace, individually and on behalf of her minor child
Daniel Pace (collectively, Pace), appeals the summary judgment in
favor of the defendants Talley, Howard, and Douglas in a 42
U.S.C. § 1983 action. Pace does not challenge the dismissal of
any other defendants. Pace also does not challenge the district
court's rulings in favor of Talley, Howard, and Douglas regarding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Daniel Pace's detention, Pace's official-capacity claims, and Pace's state-law claims. These issues are thus deemed abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Pace contends that Talley and Douglas violated Daniel Pace's constitutional rights. They did so, Pace contends, by reporting to the police a threat suggesting school violence purportedly made by Daniel, without having first afforded Daniel an opportunity to respond to the accusation. It is clear, however, that Pace's contentions do not establish the violation of a clearly established constitutional right on such grounds. See Siegert v. Gilley, 500 U.S. 226, 231 (1991); Wood v. Strickland, 420 U.S. 308, 319 (1975).

Pace also asserts that Howard violated Daniel Pace's constitutional right to privacy by disseminating confidential information. Pace has not shown that the public interest in school safety was outweighed by Daniel's expectation of privacy. See Cantu v. Rocha, 77 F.3d 795, 805-08 (5th Cir. 1996).

Pace thus has not established that the district court erred in granting summary judgment. See FED. R. CIV. P. 56(c); Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991). The judgment of the district court is AFFIRMED.

The defendants move for costs on the basis of their expenses in defending this appeal. This motion is DENIED. See 28 U.S.C.

§§ 1912, 1927; FED. R. APP. P. 38; Edwards v. General Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998).